Nelson, Ch. J.
I think the learned judge erred. It cannot he pretended that the omission to charge the defendant as endorser, was at all attributable to what he said to the officers of the bank in relation to renewing the note. On the contrary, it is clear that the omission occurred in consequence of the mistake of the clerk in respect to the day on which the note fell due. The same course would have been pursued by the bank though no communication had been held between its officers and the defendant. . It is apparent, also, from the whole case, that the cashier did not regard the conversation as dispensing or as intended to dispense with demand and notice; and this ,ls at least some evidence that no such effect was designed.
One of the great excellencies of the species of commercial paper now in question, and one also which the courts labor to preserve, is the precision and accuracy with which the rights and obligations of all parties are defined. The least informed person cannot well mistake the one or the other. To allow casual and loose conversations, not amounting to any definite arrangement or determination, to supersede the duties and obligations enjoined by law, would lead to confusion and the most mischievous consequences. • An endorser may undoubtedly waive the condition of his liability; but it should be done un *406 derstandingly, or his acts must be such as fairly to mislead the holder by inducing him to believe that such waiver is intended.
In Prideaux v. Collier, (2 Stark. Rep. 57,) the defendant, the drawer of a bill, said to the plaintiff, on the day it became due, that he understood the plaintiff was the holder of the bill, which he hoped would be paid, and that he would endeavor to provide effects. The bill was not presented to the drawees in time, and an attempt was made to excuse the neglect on the above ground; but the court held that the drawer was discharged.
In the case of Leffingwell v. White, (1 John. Cas. 99,) which was principally relied on by the counsel for the plaintiffs, the holder was misled by the pending negotiation for a further time of payment, which was set on foot by the endorser. That is not this case.
Were it at all important to consider the consequences to the present defendant of the neglect to give him notice, it is easy to see how he may have been prejudiced. The prior endorsers are confessedly discharged ; but if the note had been duly protested, their liability would have continued for the benefit of the defendant, or, if he had received notice, he would have been interested in seeing that they also were properly charged. As it is, he has lost all remedy against them. I am of opinion that a new trial should be granted.
Bronson, J. concurred.